THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* NATIONAL SECURITY COMPANY, Defendant.

Third Department, September 10, 1919.

Corporations — power of business corporation to act as registrar and transfer agent of other corporations — chapter 611 of the Laws of 1875 construed — amendment conferring similar powers on banking and trust companies.

A corporation organized under section 1 of chapter 611 of the Laws of 1875 under a certificate authorizing it to transact the business of registrar and transfer agent of other corporations, is entitled to transact and to con-

tinue to transact said business although, by amendments to the Banking Law subsequent to the defendant's incorporation, like powers to act as registrar and transfer agent were given to banking and trust companies.

The inhibition of section 1 of chapter 611 of the Laws of 1875 relates only to carrying on the business of banking, of trust companies and of other companies therein enumerated, and permits corporations organized thereunder to do any other lawful business outside of the exceptions stated, including the business of acting as registrar and transfer agent of other corporations.

*It seems,* if a business corporation should attempt to take on such powers since said amendments to the Banking Law, a different question would be presented.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Charles D. Newton, Attorney-General [C. T. Dawes, Deputy Attorney-General,* of counsel], for the plaintiff.

*Kisselburgh & Egan [W. E. Kisselburgh, Jr.,* of counsel], for the defendant.

WOODWARD, J.:

The parties agree, for the purposes of this action, that the plaintiff is a sovereign body, and that the defendant is a domestic corporation, organized under the provisions of chapter 611 of the Laws of 1875; that its articles of incorporation were filed with the Secretary of State on the 19th day of October, 1886; that the terms of its certificate of incorporation authorize it to transact the business of registrar and transfer agent of other corporations, and that it has transacted such business from the date of its organization down to and including the present time. The Superintendent of Banks has reported to the Attorney-General the fact that such business is being transacted by the National Security Company and requested that an action be brought to restrain said company from continuing said business; and the question presented here is whether under the law the defendant is entitled to perform the duties which it is conceded it had a right to perform under the language of its certificate of incorporation. The plaintiff denies that this right exists, and the defendant insists that it does.

Section 1 of chapter 611 of the Laws of 1875, under which the defendant corporation was organized, provided that " Corporations may be organized under the provisions of this act for the carrying on of any lawful business except banking, insurance, the construction and operation of railroads or aiding in the construction thereof, and the business of savings banks, trust companies or corporations intended to derive profit from the loan or use of money, or safe deposit companies, including the renting of safes in burglar and fire-proof vaults." The parties have stipulated that the terms of the certificate, filed in 1886, are broad enough to cover the business of registrar and transfer agent of other corporations, and the presumption, though of slight importance here, perhaps, is that the Secretary of State discharged his duty in filing the certificate. The acting as registrar and transfer agent of other corporations was not an unlawful business; it was a line of business which was repeatedly authorized by statute prior and subsequent to the enactment of chapter 611 of the Laws of 1875, and if these particular acts were not of the essential elements of a banking, loan or trust company, or other excepted corporation, it would seem to follow that in its inception the defendant was clearly entitled to perform those duties. There is no contention here that the defendant is violating any rights excepting those belonging to trust companies, and we may, therefore, confine the inquiry to the question of whether the acting as registrar and transfer agent of other corporations is such an essential element of trust companies as excludes it from the general grant of business powers to the defendant.

Of course no corporation within the State of New York has any powers except such as are specifically granted, or such as are necessary to the powers so granted, but the fact that a trust company is permitted by its charter to exercise some of the functions of a bank does not constitute it a banking institution, nor does the possession of certain trust privileges transform a banking corporation into a trust company. (7 C. J. 881.) The trust company, in matters not akin to banking, extends outside the monetary realm into real estate transactions, trusteeships, and the conduct of property interests generally, depending, of course, upon the exact limits fixed by the statute under which it is organized. (7 C. J. 881.)

But the true distinction is between banking institutions, loan and trust companies, rather than between such corporations and business corporations. One of the earliest trust companies, to which our attention is called, is that of the United States Trust Company of New York, organized under a special act (Laws of 1853, chap. 204), under the provisions of section 2 of which it is provided that " In addition to the general powers and privileges of a corporation * * * the corporation hereby created shall have power: 1st, to receive moneys in trust, and to accumulate the same at such rate of interest as may be obtained or agreed on, or to allow such interest thereon as may be agreed on, not exceeding in either case the legal rate. 2d, to accept and execute all such trusts of every description as may be committed to them by any person or persons whatsoever, or may be transferred to them by order of the Supreme Court, or by a surrogate, or by any of the courts of record."

Here is the primary and ordinary conception of a trust company; it is a corporation to take and administer trusts, and the Legislature confined its operations, aside from those belonging to corporations generally, to two specifications. That it was clearly understood that the authority to act as registrar or transfer agent for other corporations was not incident to or involved in the powers of a trust company is clearly manifest by " An act to amend an act entitled ' An act to incorporate the United States Trust Company of New York ' " (Laws of 1863, chap. 60), in which, after extending the powers granted in section 2 of the original act, provided in section 4, that " The powers of the said company are hereby declared to authorize it to act, and it may act as agent for the purpose of issuing, registering or countersigning the certificates of stock, bonds or other evidences of debt, of any corporation, association, municipality, State or public authority, on such terms as may be agreed upon." The United States Trust Company of New York was a complete trust company from 1853, but it became authorized to act as a fiscal agent for other corporations only by a special grant of power in 1863, and a like provision appears to have been included in various other special acts for the creation of trust companies prior to the adoption of chapter 611 of the Laws of 1875, which merely

serves to emphasize the legislative understanding that, without these special provisions, a trust company would not be authorized to exercise such powers.

When the Legislature in 1875 authorized by general law the creation of corporations " for the carrying on of any lawful business except banking,  *  *  *  trust companies or corporations intended to derive profit from the loan or use of money, or safe deposit companies " (Chap. 611), it was lawful for corporations to act as registrars or agents of other corporations in dealing with stocks, etc., and this lawful power became vested in the defendant. The fact that a like power had been given to trust companies did not preclude the Legislature; it had a right to authorize other corporations to do what it had authorized trust corporations to do, just as it would have had the power to authorize trust companies to exercise some or all of the powers of banking corporations, or of insurance corporations. The inhibition of section 1 of chapter 611 of the Laws of 1875 was the business of banking, trust companies, etc.; the business corporation could not do a trust company business or an insurance business or a railroad business, but it could do any other lawful business outside of the exceptions noted. Of course if there had been a general act in existence specifically defining the powers of trust companies, with the obvious intent of confining certain powers to this particular kind of a corporation, there would be some substantial ground for the contention that all such powers were excluded from the powers granted by chapter 611 of the Laws of 1875, but there was no general trust company law until 1887, a year after the filing of the defendant's certificate, and this act (Laws of 1887, chap. 546) gives specific power to act as fiscal agent (§ 21, subd. 3), thus excluding the idea that it would have such powers merely as a trust corporation in its primary conception, and it declares that " the words ' trust company ' as used in this act shall include all trust, loan, mortgage, security, guarantee and indemnity companies or associations which may in any way receive moneys on deposit, but they shall not apply to banks of deposit and discount, nor to savings institutions " (§ 37), and that " nothing in this act shall apply to any trust company heretofore chartered, by special acts of the Legislature and now exist-

ing " (§ 37), so that a trust corporation created by special act, and not providing for the performance of the duties of a fiscal agent, would be excluded from the powers, just as the United States Trust Company of New York was without such powers until the Legislature amended its charter and granted such extension of its functions.

It seems to us that there can be no reason to doubt that the defendant was originally invested with the power to act as fiscal agent, and we see no reason for believing that the Legislature has intended to take away the lawful powers of a business corporation organized under chapter 611 of the Laws of 1875 by its enactment of a general trust company law in 1887, or by the Banking Laws of 1892, 1909 and 1914. (Gen. Laws, chap. 37; Laws of 1892, chap. 689; Consol. Laws, chap. 2; Laws of 1909, chap. 10; Consol. Laws, chap. 2; Laws of 1914, chap. 369.) The Legislature, it is true, has granted the powers here under consideration to banking and trust companies, but these banking and trust corporations would retain all of their distinctive features if these powers were withheld, just as a railroad corporation would still be a railroad corporation if the Legislature permitted it to transact some or all of the business of a trust company or a banking institution. It has been found convenient for trust companies, as defined in the statute, to have the power to act as fiscal agents of other corporations, but no reason suggests itself why this same power might not be vested in a business corporation under the act of 1875, or at present if the Legislature should so provide. The Banking Law of 1914 (Chap. 369) does not purport to repeal or modify the act of 1875 under which the defendant was organized, and we are clearly of the opinion that the grant of power to the defendant has not been taken away merely because the Legislature subsequently concluded to vest a like power in trust corporations.

If a business corporation should attempt to take on such a power to-day a different question would be presented (Report of Attorney-General, 1912, vol. 2, p. 187), but it is one thing to hold that the Banking Law of to-day excludes the right to exercise powers vested in a banking corporation, and quite another to hold that a corporation organized under the act

of 1875, and exercising its powers without question during all that time, may be denied the right to continue to exercise the powers enumerated in its charter, simply because the Legislature has seen fit to vest a like power in trust companies. We find no intimation of any such intention on the part of the Legislature. A trust company, as that language was used in 1875, did not involve the idea of an inclusion of fiscal powers in the absence of express legislative grant, and a corporation which has been doing business involving the exercise of these powers for nearly a half a century without questioning, ought not to be embarrassed in its transactions by any forced construction of the law.

There should be judgment in favor of the defendant.

All concurred.

Judgment directed for defendant, with costs.